[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: OBJECTION TO REQUEST FOR LEAVE TO AMEND
On October 10, 2001, defendant Allstate Insurance Company ("Allstate") filed a request for leave to file an Amended Answer and Special Defenses to the plaintiffs' Revised Complaint dated April 1, 1997. Appended to its request, as required by Practice Book § 10-60, was the text of the amended pleading as the defendant proposed to file it.
A comparison of the proposed Amended Answer and Special Defenses with the earlier Amended Answer and Special Defenses dated January 14, 1998 which it is intended to replace reveals that the proposed pleading, unlike its predecessor, sets forth one or more new special defenses as to the claims presented in four of the five counts of the plaintiffs' Revised Complaint. Among these new special defenses were claims of fraud and misrepresentation as to the claims presented in the First, Second, CT Page 15941-gu Third and Fourth Counts of the Revised Complaint.
In support of its request for leave to amend, the defendant claims that it could not previously have interposed special defenses of fraud or misrepresentation because, despite its longstanding suspicion of such wrongdoing on the part of the plaintiffs, it had no concrete evidence upon which to make such allegations in a formal pleading. Such evidence, it claims, was gathered for the first time in the depositions of plaintiff Sandra Reyes and of her friend and contractor, Bernard Rissell, which were conducted between February 13 and April 11, 2001.
On October 26, 2001, within fifteen days of the filing of the defendant's request for leave to amend, the plaintiffs timely objected in writing to said request for the following reasons:
 1. The request for leave to amend is made almost four years after the defendant's last amended special defenses. The defendant's request for leave to amend is unreasonably untimely and the defendant has unduly delayed in the filing of the request for leave to amend.
 2. Allowing the amendment would permit the addition of new defenses not previously raised to the extreme prejudice of the plaintiff.
 3. The defendant is at the minimum (sic) neglectful in attempting to amend its special defenses at this time and permitting same would take unfair advantage of the plaintiff, confuse the issues and cause undue prejudice.
Objection to Request for Leave to Amend ("Objection"), p. 1. Each of these reasons was more fully discussed both in the plaintiffs' original Memorandum of Law In Support of Plaintiffs' Objections and in its Sur-Reply Regarding Plaintiffs' Objection dated November 16, 2001. For the following reasons, the Court concludes that the plaintiffs' Objection must be OVERRULED.
 Unreasonable Untimeliness and Undue Delay
The plaintiffs' claim that the defendant's filing of its request for leave to amend is unreasonably untimely and the product of undue delay is based on three essential facts: first, that this case has been pending since 1996; second, that the defendant has admittedly harbored suspicions of fraud and misrepresentation since the very outset of this case; and third, that even if the defendant did not develop evidence in support of its suspicions until the first four months of 2001, it waited over six CT Page 15941-gv full months from the date of its alleged discovery of such evidence to act thereon. The Court is unpersuaded by the plaintiffs' logic for the following reasons.
Initially, Connecticut has a liberal policy concerning the amendment of civil pleadings. Accordingly, Practice Book § 10-60, which the defendant has invoked, flatly states that "a party may amend his or her pleadings . . . at any time," subject only to restraint by the judicial authority "so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Id. Even, however, when the amendment of a party's pleading "occasions delay in the trial or inconvenience to the other party," Practice Book § 10-60 expressly contemplates that instead of restraining the requested amendment, the Court may decide to permit the amendment and "award costs in its discretion in favor of the other party." Id.
In this case, the defendants have given the Court ample reason to believe that, notwithstanding their early suspicions, they had insufficient evidence to accuse the plaintiff of fraud or misrepresentation until the late winter of 2000-01. Depositions in this case were delayed for a number of reasons. Whatever those reasons, the defendant did not feel comfortable putting its suspicions in the form of formal allegations until after it had deposed Ms. Reyes and Mr. Rissell. Forbearance from the making of serious accusations without satisfactory proof of their truth and legal sufficiency is a course to be commended in a civil pleader, not criticized as irresponsible. This Court is unwilling to find, on the facts presented to it, that the timing of these new accusations has been unduly delayed.
The plaintiffs also criticize the defendant for sitting on its hands for over six months after concluding the final deposition it claims to rely upon before finally filing its proposed amendment. If the depositions in question shed such significant new light on their claims of fraud and misrepresentation, ask the plaintiffs, why not file the request for leave to amend within days or weeks of the new revelations, especially since the case was then scheduled for trial?
This Court's response to the plaintiffs' claim is twofold. First, since the new evidence in support of the defendant's suspicions only came to light a few short weeks before the then-impending trial date, an immediate request for leave to amend would properly have been denied under Practice Book § 10-60 to "compel the parties to join issue in a reasonable time for trial." Only with the postponement of the trial and the transfer of the case to this Docket and Court, where no trial date CT Page 15941-gw has yet been set, does the amendment of the pleading not risk delaying the start of trial. Second, despite this Court's best efforts, the initial status conference on the Complex Litigation Docket could not be scheduled until October 12, 2001. In the hiatus between initial referral of the case to this Docket and the convening of the initial status conference, the filing of a request for leave to amend would have been a pointless waste of time. In sum, the Court has no basis upon which to conclude that the defendant's current request for leave to amend is the product of undue delay.
 Extreme Prejudice and Delay of Trial
As for the plaintiffs' repeated claims of prejudice, their arguments are essentially as follows: first, the plaintiffs and their witnesses, including Mr. Rissell and their expert witnesses concerning unfair insurance practices, have already been deposed at length without knowledge of the defendant's new allegations of fraud and misrepresentation; second, the plaintiffs have conducted discovery of defense witnesses which may need to be redone or supplemented in light of the defendant's new allegations; and third, the need to take depositions of additional witnesses, such as members of the defendant's Special Investigations Unit, will inevitably cause the plaintiffs to incur additional expense and delay the start of trial.
The Court finds these arguments unpersuasive for several reasons. First, the transactions now claimed to have been fraudulent or to have involved misrepresentation by plaintiff Sandra Reyes are the very same transactions about which the plaintiffs and their witnesses have already been deposed. These should therefore be no further need to depose her or those witnesses on those subjects, and if there is, the most appropriate adjustment for the Court to make is to award her costs.
Second, the plaintiffs' experts' opinions should be unaffected by the defendant's new allegations of fraud and misrepresentation. They cannot logically testify about plaintiff Sandra Reyes' purpose or knowledge in acting as she did or otherwise impact the factfinder's decision on the factual issues underlying the defendant's new claims.
Third, as for the plaintiffs' need or desire to conduct additional discovery, though that may be one consequence of the proposed amendment, it is no more onerous a consequence now than it would have been six months, or even six years, ago. Prejudice could arise from the need to redepose persons already deposed for other purposes. If that turns out to be true, however, the Court can consider awarding costs to the plaintiffs upon a suitable showing of undue inconvenience or delay. CT Page 15941-gx
Fourth and finally, as to delay in trial, the Court has no reason to believe that the likely trial date of this case will be materially affected by the amendment of the defendant's special defenses.
 CONCLUSION
In conclusion, for all of the foregoing reasons, the plaintiffs' Objection to the defendant's Request for Leave to Amend is OVERRULED.
IT IS SO ORDERED this 23rd day of November, 2001.
By the Court (Sheldon, J.),
Brenda M. Hamilton Court Officer